# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>KNIGHT, *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-01582-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>ECF No. 15<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Omar Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was given leave to amend or notify the Court of his willingness to proceed on cognizable claims. Plaintiff's first amended complaint, filed on February 21, 2023, is currently before the Court for screening. (ECF No. 15.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

1

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Men's Colony East, in San Luis Obispo, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California. Plaintiff names as defendants: (1) Knight, correctional officer, and (2) Carranza, Registered Nurse.

In claim 1, Plaintiff alleges deliberate indifference to medical need in violation of the Eighth Amendment. Both defendants denied Plaintiff emergency medical care after Plaintiff slipped and fell resulting in serious injury to his right hand, which was caused by falling debris from leaking in his assigned housing unit. On April 10, 2022, Plaintiff was in SATF Facility D, Building #1 (FDB#1), upper tier. There were massive water leaks, and debris fell from the roof. The falling debris continued to create hazardous conditions for all inmates housed in FDB#1. The correctional officers, including Defendant Knight, assigned to FDB#1 were aware of the complaints by inmates, including Plaintiff, about the falling debris and danger of injuries if the hazardous conditions were not repaired. On two occasions before April 10, 2020, Plaintiff personally addressed Defendant Knight during his work shift about submitting an emergency maintenance order to have the falling debris and water leading fixed because the water leak was partially in Plaintiff's cell, #207.

On April 10, at 5:30 a.m., Defendant Knight informed Plaintiff of an institutional bed move card and that Plaintiff was being rehoused at FDB#4. Defendant Knight told Plaintiff to

immediately pack Plaintiff's personal property and be ready to move within 5-10 minutes. Defendant Knight appeared shortly thereafter and said in a very agitated voice, that it was time for Plaintiff to move. Plaintiff hurriedly packed his personal property. Defendant Knight appeared again and aggressively ordered Plaintiff to exit his cell, and Plaintiff tried to follow the orders to hurriedly move. As Plaintiff proceeded to exit the upper tier, it was completely filled with falling debris and water. Plaintiff slipped on the wet unit tier, falling with his personal property he was carrying and severely injuring his right hand and thumb.

Plaintiff realized "a sharp and excruciating pain in his right hand that was disfigured, a dark unusual color and starting too [sic] swell." Plaintiff immediately made Defendant Knight aware of the severe and excruciating pain and discoloration of his right hand. Plaintiff "requested Defendant Knight to summon for emergency medical code (man down) to address the injury that he personally witnessed himself?" Defendant Knight refused Plaintiff's plea for emergency medical assistance. Plaintiff sat there for another few minutes trying to get his composure before Defendant Knight again with a harsh voice ordered Plaintiff to continue the move to FDB#4. Defendant Knight told Plaintiff that Plaintiff could request medical assistance when he arrived at the reassigned housing unit FDB#4 and "that it was not of concerned [sic] of him during a bed move."

Plaintiff was compelled to follow Defendant Knight's order to continue the bed move, fearing that if Plaintiff continued to request medical emergency assistance, Plaintiff would receive a Rules Violation Report for obeying a direct order. Defendant Knight indicated that Plaintiff could request emergency medical assistance from FDB#4 housing officer Santana when Plaintiff arrived there.

Plaintiff had to endure several more hours of excruciating pain before he received any examination by SATF medical staff on April 10, 2020. Defendant Knight's refusal to summon emergency medical assistance caused unnecessary delay and further pain and injury to Plaintiff's severely injured right hand and thumb.

In claim 2, Plaintiff alleges deliberate indifference to emergency medical treatment. On April 10, 2020, Plaintiff severely injured his right hand, wrist and thumb when he was rushed to

move from his assigned housing unit and slipped and fell in the fallen debris and water from the ceiling/roof that completely covered the top tier where Plaintiff was housed. When Plaintiff arrived at FDB#4 thirty minutes after injuring his right hand and after his move from FDB#1 where he hurt his hand, Plaintiff immediately requested emergency medical assistance from unit officer Santana. Plaintiff conveyed to Santana that Plaintiff had severely injured his right wrist/hand/thumb during the bed move to FDB#4.  Plaintiff was experiencing excruciating pain in his right hand and wrist and described the injuries to unit officer Santana.  Plaintiff was finally permitted to be seen and examined by medical staff Registered Nurse Carranza several hours after he had slipped on the wet top tier.

Nurse Carranza examined Plaintiff' right hand, wrist and thumb and "looked uncertained [sic] as to the condition of Plaintiff's then disfigured and decolorated hand," which had turned very dark purple and continued to swell.  After Defendant Carranza completed her examination of Plaintiff's severely injured right hand, wrist and thumb and Plaintiff's person, she "took an unauthorized course of action" by refusing to have Plaintiff transferred to an off sit emergency medical department for appropriate surgery and setting the bones of the compound fracture, "after she realized that his hand was broken."  Defendant Carranza prescribed Tylenol 325 mg and ibuprofen for the pain only and provided an ace bandage.  The bandage was useful to Plaintiff because the continued excruciating pain and swelling. She "laughed at Plaintiff that the severe injuries looks like a break as she knew his hand was broken from the examination."

She disregarded Plaintiff's pleas for additional emergency treatment that would have revealed that Plaintiff had severe injuries.  It took weeks to get the necessary surgery to start the repair of Plaintiff's right hand, wrist and thumb.  Defendant Carranza returned Plaintiff to his assigned housing unit.

On April 11, 2020, Plaintiff continued to suffered from excruciating pains in his right hand, wrist, and thumb and requested additional medical assistance from FDB#4 unit officers. They refused to help him. On April 12, Plaintiff sought help from second and third watch shifts, but he was again refused medical assistance despite his disfigured and discolored right hand, wrist and thumb.

On April 13, 2020, Plaintiff was summoned to the Facility Medical Department, and x-rays were taken of his injured right hand/wrist. At about 5:00 p.m. the same day, Plaintiff was summoned to the Medical Department again.  Defendant Carranza told Plaintiff that he had in fact suffered two separate fractures in his right hand and was immediately transported to an off-site emergency room at Adventist Health Bakersfield Medical Hospital. Plaintiff was provided Morphine pain medication for the excruciating pain, told surgery was needed but then was returned back to SATF for the remainder of the evening.

On April 28, 2020, Plaintiff was transported to the emergency room at Adventist Health and received a cast on his right hand.

Plaintiff suffered pain due to the delayed emergency medical treatment from Defendant Carranza's refusal to provide the necessary emergency medical care on April 10, 2020, "knowing that Plaintiff's right had was severely broken, disfigured."  Plaintiff continued to receive pain medication and was transported back to Adventist Health Bakersfield on May 12, 2020 to have the cast removed.

As of February 10, 2023, Plaintiff continues to suffer from pain from the fracture with hand nerve damage and partial flexibility and numbness.  Plaintiff alleges Defendant Carranza disregarded and took an unauthorized course of action by failing to provide the necessary emergency medical care in an off-site medical department for an obviously disfigured and discolored right hand, which was broken in two places, resulting in permanent injuries.

Plaintiff seeks compensatory and punitive damages and requests a declaratory judgment.

**III.     Discussion**

**A.     Medical Deliberate Indifference**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo County, Ariz*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d at 242, overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012)) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff alleges that he injured his hand/wrist after slipping and falling as he was moving from his cell. He alleges it was disfigured, swollen and discolored. Plaintiff states a serious medical need for his hand/wrist.

Nurse Carranza

Plaintiff fails to state a cognizable claim that Nurse Carranza was deliberately indifferent.

In the original complaint, Plaintiff alleged that when he saw Nurse Carranza for treatment, Nurse Carranza told him she thought the injury was a sprain and then gave him some medication and an ace bandage. (ECF No.1 p.8.)

In contrast, in the first amended complaint, Plaintiff has omitted the facts that when Plaintiff saw Nurse Carranza for treatment, Nurse Carranza told him she thought it was a sprain, and that she did not know it was broken. (See ECF No. 1 p.8 ("After Defendant (RN) Carranza finished her examination … she prescribed Tylenols/ibuprofen, gave Plaintiff an ace bandage, laughted [sic] and said the severe injury looks like a sprain.") (emphasis added.) While it is true that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.,* No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.' ") (citations omitted).

Medical malpractice and even gross negligence is insufficient to establish deliberate indifference to serious medical needs. Nurse Carranza provided some medical care for his hand/wrist. That she did not send him for x-rays is insufficient to state a claim. Plaintiff's disagreement with the care provided does not amount to deliberate indifference. At most, Plaintiff alleges negligence. Plaintiff has been unable to cure this deficiency.

Correctional Officer Knight

An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "... unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. Cty. of Lassen,* 37 F.3d 540, 546 (9th Cir. 1994). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). When delay is alleged, the prisoner must also demonstrate that the delay led to

further injury. *See McGuckin*, 974 F.2d at 1060.

Plaintiff complains of delay in treatment. "Mere delay of medical treatment, without more, is insufficient to state a claim of deliberate medical indifference." *Robinson v. Catlett*, 725 F.Supp.2d 1203, 1208 (S.D. Cal. July 19, 2012) (quoting *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985)). To state a claim for deliberate indifference arising from a delay in treatment, a prisoner must allege that the delay was harmful, although an allegation of substantial harm is not required. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1991), overruled on other grounds by, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997).

In liberally construing the allegations in the complaint in Plaintiff's favor, which the Court must do at the pleading stage, Plaintiff alleges that he suffered harm from Defendant Knight's delay in treatment. Plaintiff's hand was swollen, disfigured and discolored immediately after the fall, and he told Defendant Knight. Plaintiff was not sent for medical treatment and Plaintiff alleges he suffered additional pain as a result of the delay.

**B. Conditions of Confinement**

It is unclear is Plaintiff is attempting to state a conditions of confinement claim. To state an Eighth Amendment claim, Plaintiff must satisfy both the objective and subjective components of a two-part test. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, he must allege Defendants deprived him of the " 'minimal civilized measure of life's necessities.' " *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting *Wilson,* 501 U.S. at 304). When determining whether an alleged deprivation is objectively sufficiently serious to support an Eighth Amendment claim, the court must consider the circumstances, nature, and duration of the deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731–32 (9th Cir. 2000). The "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Second, Plaintiff must allege facts sufficient to plausibly show each Defendant he seeks to hold liable had a "sufficiently culpable mind." *Wilson*, 501 U.S. at 297. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). That is, that the official must "kn[ow] of and disregard[ ] an excessive risk to inmate health or safety[.]" *Id*. at 837.

Plaintiff alleges he told Defendant Knight about the leaking roof and requested an emergency work order be submitted.  Plaintiff fails to allege what Defendant Knight said or did in response. In the absence of sufficient supporting factual allegations, this is far too speculative to support a claim that defendant Knight knew about the severity of the leaks or the risks that they posed to inmate safety.  Plaintiff does not allege that Defendant Knight had the authority or control over the property such that he is responsible for the failure to remedy the roof leaks.  And Plaintiff fails to allege that the leaks caused him harm.  Plaintiff has been unable to cure this deficiency.

**C. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill*., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties*." United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is

unnecessary.

**IV.     Conclusion and Recommendation**

For the reasons stated, the Court finds that Plaintiff states a cognizable claim against Correctional Officer Knight for deliberate indifference to medical need in violation of the Eighth Amendment for the incident on April 10, 2020.  Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on February 21, 2023 (Doc. 15), against Correctional Officer Knight for deliberate indifference to medical need in violation of the Eighth Amendment for the incident on April 10, 2020; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 10, 2023**                          /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE