UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>                    Plaintiff,<br><br>       v.<br><br>KNIGHT, et al.,<br><br>                    Defendants. | No.  1:22-cv-01582-ADA-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MAGISTRATE JUDGE CONSENT<br><br>(ECF No. 13) |

Plaintiff Omar Martin is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint on December 9, 2022.  (ECF No. 1.)  On December 30, 2022, Plaintiff indicated his consent to proceed before a United States Magistrate Judge for all purposes, including trial and entry of judgment.  (ECF No. 4.)  On January 23, 2023, the Court received a motion from Plaintiff, dated January 16, 2023, seeking to withdraw Magistrate Judge consent.  (ECF No. 13.)  In that motion, Plaintiff claims that he mistakenly checked the wrong box on the Court's consent form and repeatedly asserts that he did not intend to consent.  (*Id.*)  The Court received this motion before ordering service of the complaint on Defendant and before receiving notice about Defendant's position on consenting or declining magistrate judge jurisdiction.

Litigants in federal court are entitled to have their cases determined by Article III district judges.  *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th

Cir. 1984). When both parties consent to the jurisdiction of a magistrate judge, however, they forfeit their right to review by the district judge. *See Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019); 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Once both parties have consented, therefore, the district court can vacate consent to the magistrate judge's jurisdiction under two circumstances: (1) on the court's own motion for good cause shown; or (2) on motion by a party demonstrating extraordinary circumstances. 28 U.S.C. § 636(c)(4). A party need not, however, "satisfy the good cause or extraordinary circumstances standard provided in § 636(c)(4) in order to withdraw magistrate judge consent before all parties have consented." *Gilmore v. Lockard*, 936 F.3d 857, 863 (9th Cir. 2019). In such cases, whether to grant a request to withdraw consent is within the discretion of the district court. *Id.*

Because Defendant has yet to file a consent/decline form, the Court finds it appropriate to grant Plaintiff's motion to withdraw consent. Plaintiff has diligently pursued this matter and, in fact, filed his consent form more than two weeks before it was due. (*See* ECF No. 2 docket text ("Consent or Decline due by 1/16/2022."); ECF No. 4 (consent form dated 12/27/22).) Moreover, Plaintiff's desire to withdraw consent does not follow an adverse ruling from the Magistrate Judge. *Cf. McNeely v. Chappell*, No. 2:12-cv-0931-EFB P, 2013 WL 4004526, at *2 (E.D. Cal. Aug. 5, 2013) (holding it particularly inappropriate to permit withdrawal of consent "where the withdrawal attempt occurs after the party has received an adverse ruling on a motion"). While the Magistrate Judge's screening order noted deficiencies in Plaintiff's complaint, Plaintiff had already placed his motion to withdraw consent in the mail before receiving that order. (*See* ECF Nos. 12, 13.) The Court, therefore, has little reason to doubt the sincerity of Plaintiff's claim that he mistakenly checked the wrong box on the consent form. Finally, it is still early in the proceedings and granting Plaintiff's motion will neither prejudice Defendant nor inconvenience the Court. *See Gilmore*, 936 F.3d at 864.

///

///

Accordingly,

1. Plaintiff's motion to withdraw magistrate judge consent, (ECF No. 13), is granted;

2. Plaintiff's previously filed consent/decline form, (ECF No. 4), is vacated;

3. The Clerk of Court is directed to mail a new blank consent/decline form to Plaintiff; and

4. Plaintiff shall complete and return the new consent/decline form within thirty (30) days of his receipt of that form.

IT IS SO ORDERED.

Dated:  September 11, 2023

UNITED STATES DISTRICT JUDGE