1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>          Plaintiff,<br><br>   v.<br><br>KNIGHT, *et al.*,<br><br>          Defendants. | Case No.  1:22-cv-01582-NODJ-BAM (PC)<br><br>SECOND INFORMATIONAL ORDER – NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANT'S SUMMARY JUDGMENT MOTION<br><br>(ECF No. 40)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Omar Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Knight for deliberate indifference in violation of the Eighth Amendment.

**I.    *Rand* Notice**

Defendant filed a motion for summary judgment on January 26, 2024.  (ECF No. 40.) Upon review of the motion, the Court finds that although a *Rand* warning was filed, the warning incorrectly refers to the Local Rules of the Northern District of California, rather than the Eastern District of California.  (ECF No. 40-7.)  Consequently, pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and

1   requirements for opposing the motion:

2         1.      Unless otherwise ordered, all motions for summary judgment are briefed pursuant

3   to Local Rule 230(l).

4         2.      Plaintiff is required to file an opposition or a statement of non-opposition to

5   Defendant's motion for summary judgment.  Local Rule 230(l).  If Plaintiff fails to file an

6   opposition or a statement of non-opposition to the motion, this action may be dismissed, with

7   prejudice, for failure to prosecute.  The opposition or statement of non-opposition must be filed

8   not more than 21 days after the date of service of the motion.  *Id.*

9         3.      A motion for summary judgment is a request for judgment on some or all of

10  Plaintiff's claims in favor of Defendant without trial.  Fed. R. Civ. P. 56(a).  Defendant's motion

11  sets forth the facts which they contend are not reasonably subject to dispute and that entitle them

12  to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  This is called the Statement of Undisputed

13  Facts.  Local Rule 260(a).

14        4.      Plaintiff has the right to oppose a motion for summary judgment.  To oppose the

15  motion, Plaintiff must show proof of his claims.  Plaintiff may agree with the facts set forth in

16  Defendant's motion but argue that Defendant is not entitled to judgment as a matter of law.

17        5.      In the alternative, if Plaintiff does not agree with the facts set forth in Defendant's

18  motion, he may show that Defendant's facts are disputed in one or more of the following ways:

19  (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the

20  opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the

21  matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or

22  opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth

23  the facts which Plaintiff believes prove his claims;[1] (3) Plaintiff may rely upon written records but

24  Plaintiff must prove that the records are what he claims they are;[2] or (4) Plaintiff may rely upon

---

25  [1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on

26  the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is
competent to testify.  28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4).  A declaration must be dated and signed under

27  penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true
and correct.  Executed on (date). (Signature)."  28 U.S.C. § 1746.

28  [2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing

all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should Plaintiff fail to contradict Defendant's motion with declarations or other evidence, Defendant's evidence will be taken as truth, and final judgment may be entered without a full trial.  Fed. R. Civ. P. 56(e).

6.      In opposing Defendant's motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendant's itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed.  If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document).  Local Rule 260(b).

7.      If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendant's motion.  Fed. R. Civ. P. 56(d).  Any request to postpone consideration of Defendant's motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment.  *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100–01; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

8.      Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

9.      The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

_____

party.  Fed. R. Civ. P. 56(e).

**II.      Deadline to File Opposition**

In light of Plaintiff's *pro se* status and Defendant's failure to properly file a *Rand* notice with the motion for summary judgment, the Court finds it appropriate to extend the deadline for Plaintiff to file his opposition to Defendant's motion for summary judgment.

**III.      Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an opposition to Defendant's motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Eastern District of California Local Rule 260; and

2.  Any request for an extension of time of this deadline must be filed on or before it expires, and must be supported by good cause.

IT IS SO ORDERED.

Dated:   **January 29, 2024**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE