UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>        Plaintiff,<br><br>   v.<br><br>KNIGHT, *et al.*,<br><br>        Defendants. | No. 1:22-cv-01582-KES-BAM (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>Doc. 45 |

Plaintiff Omar Martin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against defendant Knight for deliberate indifference in violation of the Eighth Amendment.

On January 26, 2024, defendant filed a motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit. Doc. 40. Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Doc. 41 (citing *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). This notice also stated that "plaintiff is required to file an opposition or a statement of non-opposition" to the motion for summary judgment pursuant to Local Rule 230(l) and warned plaintiff that if he failed to do so, the action may be dismissed with prejudice for failure to prosecute. *Id.* at 2.

On February 27, 2024, the court granted in part plaintiff's motion for extension of time to file his opposition to the motion for summary judgment, Doc. 42, and directed plaintiff to file his opposition within thirty days. Doc. 43. In this order, plaintiff was warned that failure to file an opposition in compliance with the court's order would result in recommending dismissal of this action, without prejudice, for "failure to oppose the motion for summary judgment and failure to prosecute." *Id.* at 2. Plaintiff did not file an opposition.

On April 15, 2024, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to prosecute and for failure to obey a court order. Doc. 45. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. *Id.* at 4. No objections have been filed, and the deadline to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations.

Despite the language of Local Rule 230(l), dismissal of a case for failure to prosecute because of a party's failure to oppose a motion for summary judgment would be improper. "[U]nder the Federal Rules, a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary." *Heinemann v. Satterberg*, 731 F.3d 914, 916 (9th Cir. 2017); *see also Henry v. Gill Inds., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule [of Civil Procedure] 56, hence impermissible under Rule 83."); Fed. R. Civ. P. 56 Advisory Committee Notes (2010) ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

Here, the findings and recommendations do not recommend granting the motion for summary judgment for failure to oppose the motion pursuant to Local Rule 230, as the court warned in its February 27, 2024 notice (Doc. 43); rather, they recommend dismissing the case for

2

1  plaintiff's failure to comply with the court's orders that he oppose the motion for summary
2  judgment.  Doc. 45.  However, given that a case cannot be dismissed based on a plaintiff's failure
3  to oppose a motion for summary judgment, "[t]he practical effect" of ordering the plaintiff to file
4  an opposition to the motion, and then dismissing the case with prejudice for his failure to do so,
5  would be "to grant summary judgment as a sanction" for violating a local rule, which the Ninth
6  Circuit has expressly disavowed.  *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995).

7  Moreover, the *Henderson* factors do not support dismissal for plaintiff's failure to obey
8  the court's January 29, 2024 and February 27, 2024 orders.  *Henderson v. Duncan*, 779 F.2d
9  1421, 1423 (9th Cir. 1986).  Prior to dismissing a case as a sanction, the court must consider "(1)
10  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
11  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
12  cases on their merits; and (5) the availability of less drastic alternatives."  *Id.*

13  The first and second factors weigh against dismissal.  Given that plaintiff need not file an
14  opposition to the motion for summary judgment, plaintiff's failure to oppose the motion is not
15  preventing the case from moving forward nor preventing the court from managing its docket.
16  Similarly, there is no prejudice to defendant if the court decides defendant's motion for summary
17  judgment on its merits.  The fourth factor weighs heavily in support of non-dismissal, as public
18  policy strongly favors disposition of cases on their merits, and the motion can be decided on the
19  merits without an opposition.  Finally, the fifth factor lends some support for dismissal.  Plaintiff
20  was warned that failing to comply with the court's orders to oppose the motion could result in
21  dismissal of the action, and the Ninth Circuit has held that such warning satisfies the
22  "considerations of the alternatives requirement," *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th
23  Cir. 1992).  However, the other factors outweigh this factor, and the case should not be dismissed
24  for plaintiff's failure to prosecute and failure to obey court orders.
25  ///
26  ///
27  ///
28  ///

Accordingly, IT IS HEREBY ORDERED:

1. The court declines to adopt the findings and recommendations issued on April 15, 2024, Doc. 45;
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: <u>October 11, 2024</u>

_____
UNITED STATES DISTRICT JUDGE

4