# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>KNIGHT, *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-01582-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST<br><br>(ECF No. 40)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### FINDINGS AND RECOMMENDATIONS

**I.     Background**

Plaintiff Omar Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Knight ("Defendant") for deliberate indifference to a medical need for the incident on April 10, 2020, in violation of the Eighth Amendment.

On January 26, 2024, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (ECF No. 40.) In the Court's second informational order, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th

1  Cir. 1988). (ECF No. 41.) Following an extension of time, Plaintiff's opposition was due on or
2  before April 1, 2024. (ECF No. 43.) Plaintiff did not file an opposition.

3        On April 15, 2024, the undersigned issued findings and recommendations recommending
4  dismissal of this action, with prejudice, for failure to prosecute and for failure to obey a court
5  order. (ECF No. 45.) No objections were filed. On October 11, 2024, the assigned District
6  Judge declined to adopt the findings and recommendations and referred the matter back to the
7  undersigned for further proceedings. (ECF No. 47.)

8        The motion for summary judgment is deemed submitted. Local Rule 230(l). As
9  discussed below, the Court finds that Defendant has not met his burden to raise and prove the
10 absence of exhaustion and recommends that Defendant's motion for summary judgment be
11 denied.

12 **II.   Defendant's Motion for Summary Judgment**
13     **A.   Statutory Exhaustion Requirement**

14       Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action
15 shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal
16 law, by a prisoner confined in any jail, prison, or other correctional facility until such
17 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is
18 required regardless of the relief sought by the prisoner and regardless of the relief offered by the
19 process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to
20 all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

21       The failure to exhaust is an affirmative defense, and the defendants bear the burden of
22 raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*,
23 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint,
24 a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise,
25 the defendants must produce evidence proving the failure to exhaust, and they are entitled to
26 summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most
27 favorable to the plaintiff, shows he failed to exhaust. *Id.*
28 ///

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. *Id.* (quotation marks omitted).

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are

disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III.     Discussion**

    **A.     Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

    **B.     Relevant Allegations in First Amended Complaint ("FAC")**

The events in the first amended complaint are alleged to have occurred while Plaintiff was housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California. The FAC names as defendants: (1) Knight, correctional officer; and (2) Carranza, Registered Nurse. Defendant Knight is the only remaining defendant.

Plaintiff alleges deliberate indifference to medical need in violation of the Eighth Amendment. Both defendants denied Plaintiff emergency medical care after Plaintiff slipped and

1  fell resulting in serious injury to his right hand, which was caused by falling debris from leaking
2  in his assigned housing unit.  On April 10, 2020, Plaintiff was in SATF Facility D, Building #1
3  (FDB#1), upper tier.  There were massive water leaks, and debris fell from the roof.  The falling
4  debris continued to create hazardous conditions for all inmates housed in FDB#1.  The
5  correctional officers, including Defendant Knight, assigned to FDB#1 were aware of the
6  complaints by inmates, including Plaintiff, about the falling debris and danger of injuries if the
7  hazardous conditions were not repaired. On two occasions before April 10, 2020, Plaintiff
8  personally addressed Defendant Knight during his work shift about submitting an emergency
9  maintenance order to have the falling debris and water leading fixed because the water leak was
10  partially in Plaintiff's cell, #207.
11       On April 10, at 5:30 a.m., Defendant Knight informed Plaintiff of an institutional bed
12  move card and that Plaintiff was being rehoused at FDB#4. Defendant Knight told Plaintiff to
13  immediately pack Plaintiff's personal property and be ready to move within 5-10 minutes.
14  Defendant Knight appeared shortly thereafter and said in a very agitated voice, that it was time
15  for Plaintiff to move.  Plaintiff hurriedly packed his personal property.  Defendant Knight
16  appeared again and aggressively ordered Plaintiff to exit his cell, and Plaintiff tried to follow the
17  orders to hurriedly move.  As Plaintiff proceeded to exit the upper tier, it was completely filled
18  with falling debris and water.  Plaintiff slipped on the wet unit tier, falling with his personal
19  property he was carrying and severely injuring his right hand and thumb.
20       Plaintiff realized "a sharp and excruciating pain in his right hand that was disfigured, a
21  dark unusual color and starting too [sic] swell."  Plaintiff immediately made Defendant Knight
22  aware of the severe and excruciating pain and discoloration of his right hand.  Plaintiff "requested
23  Defendant Knight to summon for emergency medical code (man down) to address the injury that
24  he personally witnessed himself?"  Defendant Knight refused Plaintiff's plea for emergency
25  medical assistance.  Plaintiff sat there for another few minutes trying to get his composure before
26  Defendant Knight again with a harsh voice ordered Plaintiff to continue the move to FDB#4.
27  Defendant Knight told Plaintiff that Plaintiff could request medical assistance when he arrived at
28  the reassigned housing unit FDB#4 and "that it was not of concerned [sic] of him during a bed

5

move."

Plaintiff was compelled to follow Defendant Knight's order to continue the bed move, fearing that if Plaintiff continued to request medical emergency assistance, Plaintiff would receive a Rules Violation Report for obeying a direct order. Defendant Knight indicated that Plaintiff could request emergency medical assistance from FDB#4 housing officer Santana when Plaintiff arrived there.

Plaintiff had to endure several more hours of excruciating pain before he received any examination by SATF medical staff on April 10, 2020. Defendant Knight's refusal to summon emergency medical assistance caused unnecessary delay and further pain and injury to Plaintiff's severely injured right hand and thumb.

Plaintiff seeks compensatory and punitive damages and requests a declaratory judgment.

### C. Undisputed Material Facts (UMF)[1]

1. Plaintiff's first amended complaint ("FAC"), which incorporates an "AMENDED CIVIL RIGHTS COMPLAINT UNDER: 42 U.S.C. § 1983" form, is signed under the penalty of perjury. (ECF No. 15 ("FAC"), p. 15.)

2. Plaintiff's FAC alleges that before he filed his lawsuit, he filed a single 602-inmate grievance that exhausted his administrative remedies. (*Id.* at 4.)

3. The first section of the form complaint that is incorporated in the FAC, "**I. Exhaustion of Administrative Remedies**," advises Plaintiff, "Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). Prior to filing suit, inmates are required to exhaust the available administrative remedy process, *Jones v. Bock*, 549 U.S. 199, 211 [] (2007), *McKinney v.*

---

[1] *See* Defendant's Separate Statement in Support of Defendant's Motion for Summary Judgment for Failure to Exhaust. (ECF No. 40-6.) Plaintiff did not oppose the motion for summary judgment and did not provide a separate statement of undisputed facts. Local Rule 260(a). As a result, Defendant's Separate Statement is accepted except where brought into dispute by Plaintiff's verified first amended complaint. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

*Carey*, 311 F.3d 1198, 1999 (9th Cir. 2002), and neither futility nor the unavailability of money damages will excuse the failure to exhaust, *Porter v. Nussle*, 534 U.S. 516, 524 [] 2002). If the court determines that an inmate failed to exhaust prior to filing suit, the unexhausted claims will be dismissed, without prejudice. *Jones*, 549 U.S. at 223-24, [] at 925-26." (*Id.*)

4. Section II A. of the form complaint asks Plaintiff, "Is there an inmate appeal or administrative remedy process available at your institution[,]" and Plaintiff checked the box marked "Yes." (*Id.*)

5. Section II B. of the form complaint that is incorporated in the FAC, asks Plaintiff, "Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint[,]" and Plaintiff checked the box marked "Yes". (*Id.*)

6. Section II. C. of the form complaint that is incorporated in the FAC asks Plaintiff, "Is the process completed", and Plaintiff checked the box marked "YES". (*Id.*)

7. Section II. C. of the form complaint that is incorporated in the FAC asks Plaintiff, "If your answer is yes, briefly explain what happened at each level],]" and Plaintiff wrote, "Appeal log # SATF-D-20-3206 denied first level on 5-25-2020[;] Second level denied on 8-09-2020[;] Third level (Director) denied on 10-13-2020." (*Id.*)

8. Section II. C. of the form complaint that is incorporated in the FAC asks Plaintiff, "If your answer is no, explain why not[,]" and Plaintiff wrote "N/A". (*Id.*)

9. Howard E. Moseley is employed by the California Department of Corrections and Rehabilitation as the Associate Director of the Office of the Appeals ("OOA"). (ECF No. 40-2 ("Moseley Decl."), ¶ 1.)

10. Moseley is familiar with the record keeping system at the OOA and has access to Plaintiff's records. (*Id.* ¶ 6.)

11. At the request of the Attorney General's Office ("AGO"), a search of the OOA computer system was conducted on December 22, 2023, under the name of Omar Martin, CDCR No. AU9384, for all appeals that were received by the OOA from Plaintiff. The attached Appeal History Report lists all appeals received by the OOA from Plaintiff whether they

7

were screened in or screened out.  (*Id.* ¶ 7, Exhs. 1–2.)

12. At the request of the AGO, a search was also conducted of the OOA computer system for all appeals received by the OOA from Plaintiff between April 10, 2020 (the date of the alleged incident), and December 9, 2022 (the date Plaintiff filed this lawsuit), referencing the alleged incident on April 10, 2020.  One relevant appeal, Appeal Log No. 877, was found.  (*Id.* ¶¶ 8–9, Exh. 3.)

13. In Appeal Log No. 877, Plaintiff alleged that an unknown officer failed to timely place Plaintiff's grievance into the grievance lock box resulting in the improper rejection of Grievance Log No. SATF-D-20-03206.  (*Id.* ¶ 9, Exh. 3.)

14. In grievance Log No. SATF-D-20-03206 (the underlying grievance to Appeal Log No. 877), Plaintiff alleged "cruel and unusual punishment."  Specifically, Plaintiff alleged that "on April 10, 2020[,] I [slipped and] fell due to water on the ground in building one D-FAC SATF from leaking roof.  I was moved [and] suffered [a] broken hand."  The grievance further alleges, "Officers knew of roof leaks."  Plaintiff made no reference to Defendant in his underlying grievance.  (*Id.* at 3, n.1, Exh. 3.)

15. A further review of the OOA computer system and Exhibits 1 and 2 shows that other appeals were received by the OOA from Plaintiff during the time period described in his FAC but they also did not allege that Defendant was deliberately indifferent to Plaintiff's medical needs on April 10, 2020, in violation of the Eighth Amendment.  (*Id.* ¶ 11, Exhs. 4–6.)

### D.    Parties' Positions

Defendant contends that Plaintiff failed to comply with the grievance process and submit an appeal containing facts sufficient to exhaust his Eighth Amendment deliberate indifference claim against Defendant.  The grievance cited in Plaintiff's first amended complaint, Appeal Log No. SATF-D-20-3206, does not identify or discuss any involvement by Defendant or any action by Defendant on April 10, 2020 that would amount to deliberate indifference to medical care or delay in treatment.  Other appeals received by the OOA during the time period described in the FAC also did not allege that Defendant was deliberately indifferent to Plaintiff's medical needs

8

on April 10, 2020, in violation of the Eighth Amendment. Defendant therefore requests that the Court grant his motion, dismiss Plaintiff's FAC without leave to amend, and enter judgment in favor of Defendant.

As noted above, Plaintiff did not file an opposition to Defendant's motion for summary judgment. Defendant also did not file a reply brief.

**D.      Analysis**

Based on the undisputed evidence in the record, the Court cannot find that Defendant has satisfied the initial burden of demonstrating that Plaintiff failed to exhaust his administrative remedies as to his deliberate indifference to medical care claim against Defendant Knight. *See Albino*, 747 F.3d at 1172. Even without the benefit of an opposition from Plaintiff, the undisputed evidence presented by Defendant, viewed in the light most favorable to Plaintiff, does not show a failure to exhaust. *Id.* at 1166.

First, the undisputed evidence demonstrates that Plaintiff failed to file any non-health care grievances that raised a deliberate indifference to medical care claim against Defendant Knight between April 10, 2020 (the date of the alleged incident), and December 9, 2022 (the date Plaintiff filed this lawsuit). UMF 12. The only relevant grievances filed during this time period were Grievance Log No. SATF-D-20-03206, which did not reference Defendant and was cancelled as untimely, and Appeal Log No. 877, where Plaintiff alleged that Grievance Log No. SATF-D-20-03206 was improperly cancelled. UMF 13, 14. Appeal Log No. 877 was ultimately rejected by the OOA as untimely filed. (ECF No. 40-3, p. 6.)

However, Defendant fails to address whether Plaintiff was able to fully exhaust his claim against Defendant from December 9, 2022 (the date Plaintiff filed this lawsuit), and February 21, 2023 (the date Plaintiff filed the first amended complaint). In *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022), the Ninth Circuit held that "a prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint." *Id.* at 706. Accordingly, the Ninth Circuit reversed the district court's dismissal of the plaintiff's third amended complaint on grounds including failure to exhaust prior to commencing suit, holding that the PLRA's

9

1   exhaustion requirements apply based on the filing date of the *operative* complaint. *Id.* at 708
2   (emphasis added). Further, because a supplemental complaint can defeat an affirmative defense
3   applicable to an earlier complaint, Federal Rule of Civil Procedure 15 allows prisoners to
4   supplement a complaint to add facts regarding administrative exhaustion. *Id.* at 709. Although it
5   appears Plaintiff may not have filed any non-health care grievances during this period, (*see* ECF
6   No. 40-3, p. 4), Defendant's motion for summary judgment does not address this discrepancy.

7   More importantly, Defendant's motion fails to establish that Plaintiff did not file any
8   health care-related grievances during the period from April 10, 2020 to February 21, 2023.
9   Howard E. Moseley, Associate Director of the OOA, asserts that since August 1, 2008, the
10  Inmate Correspondence and Appeals Branch ("ICAB") receives, reviews, and maintains all health
11  care related appeals (medical, dental, and mental-health) while the OOA receives, reviews, and
12  maintains all appeals not related to health care issues. (Moseley Decl. ¶ 2.) During his January 4,
13  2024 deposition, Plaintiff stated that in addition to Grievance Log No. SATF-D-20-03026, he also
14  put in a medical appeal related to the April 10, 2020 incident. (ECF No. 40-5 ("Martin Depo.") at
15  23:5–7.) While Plaintiff initially stated that the appeal was not related to Defendant Knight but
16  rather to former Defendant Carranza, he goes on to state that "it could be related to Officer
17  Knight in the way that he just deliberately didn't give me medical attention when it happened."
18  (*Id.* at 25:8–16.) Plaintiff also provided the grievance number for the referenced medical appeal,
19  SATF HC 20000590. (*Id.* at 24:4–5.) Defense counsel also confirmed the log number with
20  Plaintiff later in the deposition, referencing SATF HC 20000590 along with SATF-D-20-3206
21  and Appeal 0877 as the inmate appeals Plaintiff submitted related to Defendant Knight. (*Id.* at
22  26:19–27:1.)

23  Despite being placed on notice that Plaintiff believed there was at least one health care
24  grievance related to his claim against Defendant, Defendant apparently did not conduct a search
25  of health care appeals logged in the ICAB computer system during the relevant time period.[2]

---

[2] To the extent Defendant failed to conduct a further investigation into Plaintiff's grievance history in reliance on the fact that Plaintiff's FAC identified only SATF-D-20-03206 as the relevant grievance to Plaintiff's claim in this action, this reliance is misplaced. Inmates are not required to specially plead or demonstrate exhaustion in the complaint. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

Whether SATF HC 20000590 was related to the April 10, 2020 incident, contained any references to Defendant Knight's actions or inactions on that date, or was fully exhausted by Plaintiff, are all questions left unanswered by Defendant's motion for summary judgment. Viewing the available evidence in the light most favorable to Plaintiff, the Court finds that Defendant has not carried his burden to prove that Plaintiff did not exhaust his administrative remedies as to his claim against Defendant. Therefore, even in the absence of an opposition brief, the motion for summary fails to establish that there is no genuine dispute of material fact or that Defendant is entitled to judgment as a matter of law.

## IV. Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment for failure to exhaust, (ECF No. 40), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 17, 2025**                              /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE

11