# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>KNIGHT, *et al.*,<br><br>          Defendants. | Case No.  1:22-cv-01582-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Omar Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Knight for deliberate indifference to a medical need for the incident on April 10, 2020, in violation of the Eighth Amendment.

On January 26, 2024, Defendant Knight filed a motion for summary on the ground that Plaintiff failed to exhaust administrative remedies prior to filing suit.  (ECF No. 40.)  On June 17, 2025, the Court issued findings and recommendations that recommended denial of Defendant Knight's motion for summary judgment.  (ECF No. 48.)  The findings and recommendations served on Plaintiff were returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward" on June 25, 2025.  Plaintiff's notice of change of address was therefore due on or before July 25, 2025.  Local Rule 183(b).  Plaintiff has not filed a notice of

change of address or otherwise communicated with the Court.

On September 15, 2025, the District Judge adopted the findings and recommendations and denied Defendant Knight's motion for summary judgment. (ECF No. 49.)

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

As noted, Plaintiff's address change was due no later than July 25, 2025.  Plaintiff has failed to file a change of address, and he has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to update his address or communicate with the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *In re PPA*, 460 F.3d at 1227.  More importantly, given the Court's apparent inability

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.     Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 17, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE